U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

Jun 03, 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUDY CASEMENT                                                                    PLAINTIFF

V.                                   CASE NO. CV 2009-6047

BELK, INC.                                                                       DEFENDANT

## COMPLAINT

Come now the Plaintiff, Judy Casement, by and through her attorney, Andi Davis, of Andi Davis Law Firm, and for their complaint against the defendant, Belk, Inc., states:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a woman who is greater than forty years of age and is a resident of Garland County, Arkansas.

2. The Defendant Belk Inc. is a foreign, for-profit corporation that is licensed to do business in the State of Arkansas and maintains a facility in Hot Springs, Garland County, Arkansas.

3. The Defendant is an employer within the meaning of 42 U.S.C.§ 2000e(b), (g) and (h).

4. The unlawful employment practices alleged to have been committed against the Plaintiff were committed in the State of Arkansas, and in Garland County. Jurisdiction and venue of this court are invoked pursuant to 28 U.S.C. §§ 1331, 1334, 1391, 42 U.S.C. §§ 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended) 42 U.S.C.S. § 1981.

5. This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended) 42 U.S.C.S. § 1981 and (The Age

1

Discrimination in Employment Act of 1967) Public Law (PL) 90-202. Enacted December 15, 1967, in order to recover damages against the Defendant for the unlawful discriminatory employment practices that the Plaintiff has been subjected to due to unlawful employment practices, all on account of her age.

## FACTS

6. During all times relevant hereto, Plaintiff was employee of Defendant Belk, Inc.

7. At all times relevant hereto, Defendant employed a sufficient number of employees to be an "employer" covered by and subject to application of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Arkansas Civil Rights Act of 1993 and (The Age Discrimination in Employment Act of 1967) Public Law (PL) 90-202. Enacted December 15, 1967.

8. During Plaintiff's employment with Defendant, she was subject to a hostile environment at the workplace by other employees of Defendant.

9. Plaintiff became a permanent Belk employee in February of 2004.

10. On February 28, 2009, Plaintiff was called to a meeting about allegations of her knowledge of criminal activity in the store wherein she was accused of knowing and allowing a customer to change the tags on articles of clothing in order to misrepresent the price.

11. Plaintiff was the oldest employee in the store, being at least ten years older than all other employees.

12. Plaintiff was told by Loss Prevention Department to sign papers in order to keep her job. She was then immediately terminated on February 28, 2009.

13. All of this together created a hostile working environment for Plaintiff.

14. On March 17, 2009, Plaintiff filed a charge of Discrimination with the EEOC and received a Right to Sue Letter on April 6, 2009. See attached exhibit "A".

## RELIEF SOUGHT

15. As a direct and proximate cause of discriminatory conduct committed by the Defendant, Plaintiff has suffered damages, in that; she have experienced mental anguish, humiliation and embarrassment, as well as loss of income.

16. That the Defendant's act of subjecting the Plaintiff's to discriminatory practices were done in such a manner that they constitute malice or a complete indifference to the plaintiffs' federally protected rights, and, that punitive damages are warranted.

17. That this lawsuit is being filed within the requisite ninety (90) days of the Plaintiffs' receipt of the "Dismissal and Notice of Rights" letter by the EEOC.

18. Therefore, the Plaintiff is seeking the following relief for the above-described unlawful employment practices:

   a. Declaration that the Plaintiff has been subjected to unlawful discriminatory practices.

   b. Back pay;

   c. Compensatory damages and punitive damages;

   d. The costs of prosecuting this action;

   e. Attorneys' fees; and,

   f. For all other equitable, legal and just relief.

19. Plaintiff would request a jury trial.

**WHEREFORE**, the Plaintiff prays for the relief as stated herein above; and, for any and all other relief to which they may be entitled.

Respectfully submitted,

Andi Davis Law Firm
835 Central Ave., Suite 506
Hot Springs, AR   71901
Telephone: (501) 622-6767
Fax: (501) 622-3117

_____
Andi L. Davis, #2008056
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Andi L. Davis, do hereby certify that I have served a copy of the foregoing pleading upon Defendant's Registered Agent of Service, National Registered Agents, Inc. at 455 W. Maurice Street, Hot Springs, Arkansas, 71901 by placing same in the United States mail with first class postage affixed thereto on this 8th day of June, 2009.

_____
Andi L. Davis